Satterlee, and I'll turn it over to you. All right. We have the last case. Don't take any view that because it's the last and everyone else has fled the courtroom that it's not just as important. So we'll now hear argument in the United States v. Satterlee. Thank you. May it please the court, my name is Ann Voris. I'm here for Mr. Satterlee. The important thing, and I know that this court particularly is very familiar with the case law, having written most of the cases. The court in my case, in the district court, eliminated an essential element in its jury instruction. And it eliminated the element of criminal sexual activity. What basically happened is in looking at, in doing that, it rendered the statute 2422B void for vagueness and denied Mr. Satterlee due process in a fair trial. Defining writing on a computer as a sexual activity prohibited by the solicitation statute is circular, indefinite, and insufficient. Remembering that we are not dealing with a minor, that we were dealing with a detective, which this court has said there's nothing wrong with that. The attempted seduction of a minor to engage in sexual activity should be clear. At the very least, the element of criminal sexual activity must be defined. Then to define the sexual activity by using the California statute, which under California, the California instruction under 288.2B specifically states that the sexual activity should be defined as a minor. The sexual activity has to be defined. So what this court did, what the district court did was said that the sexual activity was 288.2B, never defining the criminal sexual activity. Now, initially, and it was a different U.S. attorney, but when we did a motion to dismiss and discussed the issues of impossibility, the government said that in responding to the motion to dismiss, that the statute was violated when the computer was used to seduce a person coupled with an actual attempt. At the trial, the government changed the element and said that using the computer to seduce was enough. Using a jury instruction for the California code without using the definitional statute nullified and made vague 2422B. Let me just get this straight because I'm looking at the jury instructions that set out the elements. Okay. And then I'm looking at what the court said to the jury about 288.2. So your point is that if you go to 288.2B, that sexual act is not defined? Correct. What 288.2 says in its commentary is that people versus shoe in California court requires that they use 311 and define sexual activity. And to make it even clearer, in looking at this court's recent opinion in Shearer, which was brought to the attention of the court by the prosecutor, I would just bring the court to the instructions there. And what was stated there is, first, defendant used a facility of interstate commerce. Second, defendant intended to knowingly persuade, induce, entice Susie into engaging in a sexual act for which he could be prosecuted under the laws of the state of Nevada. Third, the defendant did something which was a substantial step, and it is a crime to attempt to persuade, induce, entice, or coerce a minor into engaging into a criminal sexual act for which a person may be criminally prosecuted. All those are the same as our instruction. Did Mr. Satterley ask for a sexual act instruction? Yes. Your Honor, here's what happened was, and I just, to complete this point, under the laws of the state of Nevada, it is an offense to attempt to commit statutory sexual seduction defined as ordinary sexual intercourse, cunnilingus, or fellatio. It defines the criminal act. And, yes, what I said, I was the trial counsel in the case, and I repeatedly said, this does not state an offense. We cannot use the computer crime in California law. And what the court said, and this was, I think, the basis of the problem, was that the court believed that all was required for a violation was a California offense of a sexual nature. That's not what's required. What's required is sexual activity that is in violation of California law. And, as I pointed out in my brief, the government clearly argued some sexual acts that were mentioned on the computer. But the argument, when it is separated out and there is no definition in the jury instruction at all, the element is lost. And the argument is simply the I have a question. Would Mr. Satterley not have reasonable notice that it would be a crime in California to seduce a minor? Right. He would certainly have reasonable notice. But what the court needs to understand is that, in this case, Mr. Satterley took the position that he did not believe that Chastity R-13 was a minor. He thought that it was a woman whom we brought to court, subpoenaed, named Elizabeth Ordonez, whom he had had an ongoing chat with, and that he believed that she was a minor. He lived in Turlock and worked for a middle school, was pretending to be a child. Now, the jury did not buy that. But that was a fact issue for the jury. Correct. And the jury decided against it. Right. Why is the statute void for vagueness if a reasonable person would know that to use the Internet to try to seduce a minor would violate California law? Well, the way that I look at it is if a definition is required, then, and that's the first question, is a definition of sexual activity required? I believe so. And how can you define What case, what's your best case that would say that the statute has to have a definition of sexual activity? Well, in Shearer, for example, it is required. It's because in the in the jury instruction, it says it must be a sexual activity in violation of California law. What I requested was an instruction that was simple and just said, you know, that that having sex, if you're going to rely on the statute itself, that would have been better to say sexual activity under California law is sex with a minor. But but to say sexual activity under California law is defined as using a computer to seduce, in other words, using the same statute under California law and saying this is the offense that defines sexual activity, especially in a case where a minor is a minor. where we do not have a real victim. In each of the, in Dingra, Meek, and Shearer, there are, there were real victims. There were real children at risk. And what we have here I thought we'd already passed through that threshold that we didn't treat it differently if the person at the other end of the line was an undercover officer, so long as the defendant has to believe that it's a minor. Right. And that's the question. What does the defendant believe? Right. But but Mr. Satterly, like some other defendants, offered this up as a defense. And in his case, they didn't believe him. So what you're saying is that even in a case where they don't believe the defendant, that there's still some frailty in the statute or in the instructions? What I believe is that it's hard to know what the jury believed when they weren't properly instructed. If the person on the other end of the Internet message had been a minor, would you still say the statute is too vague? And why? I would say under these circumstances, when you don't define what it is that a person is supposed to do wrong, in take going back to Judge Gould's question. The third prong of the instruction states substantial step towards persuading and disinheritizing a person under the age of 18 to engage in a sexual act. And if we had left it there, you know, without any definition, if say we we left it there, I think I would have a more troubling argument. But I think when you define, as required by the Ninth Circuit, when you define the sexual activity as being a violation of California law that is sitting at a computer, that's the same thing, that's redundant, circular. I don't think the jury was instructed that it's illegal to sit at a computer and look at pornography. It's illegal to sit at a computer and look at bad things. In this case, the question was whether use of the computer was a substantial step to enticing the individual. Maybe I'm having trouble understanding where this sitting at a, using a computer is sexual conduct. Where does that come from? Well, it comes from the definitional statute. In instruction 13, the court gave the instruction, as I read in Cherer. Then, and it talks about not having to prove that the defendant succeeded in engaging in the intended sexual activity in mere preparation is not a substantial step. They all have to agree as to what the substantial step is. But then they defined, in jury instruction 19, they said, California Penal Code Section 288.2B makes the following sexual activity a criminal offense under the law of the state of California. And then it goes through, essentially, a definitional statute in the state of California, which is the equivalent of this. I do, of the federal statute. And what I'm saying is, you can't define a sexual activity, which is an element of the offense, as the same offense under California law. And... Well, isn't the federal statute saying the defendant did something that was a substantial step, and California law says a substantial step is using the Internet. Under A, it talks about the telephone. Under B, it says if you use the Internet to entice, that's an illegal sexual act. You know, if that's what was being defined was the substantial step, I would then agree with the court. But that's not what was being defined. What was being defined in jury instruction 19 was the sexual activity. The criminal sexual activity, just as in Cherer, the criminal sexual activity was defined as sexual activity. Sexual activity was defined as sexual seduction. It's very simple. All they had to do was go to 311. Or 288, which was what they initially argued, which is what we had notice of when we went and made our impossibility argument. You just go to 288. You say this is the sexual activity that he was trying to do with a minor. That's illegal. That's what you define. You don't go and you say into this other long-involved seduction statute without ever defining the sexual activity that's against the law. That's what I'm saying. I'm saying that the district court erred in so doing, in doing that. So am I getting this straight where it says a sexual act involving physical contact, enticing a minor, seducing, that nobody would know what that means? I'm saying that this circuit requires a definition. I'm not saying nobody knows what it means. And if it had been left alone, perhaps, as I said, it wouldn't have an argument. I wouldn't have an argument. But that's not what happened. Sexual activity was then that is against the law, because what's required is that there be sexual activity that is unlawful. And what happened here is they defined the sexual activity that was unlawful as the violation of the California version of the statute. Now, whether that is parsing too closely, I don't know. I objected to that, because I felt that that was unclear, that it was redundant, that it was circular, and that we needed a definition of sexual activity. That was against the California law. But we didn't get that. We got this instead. And so, and I believe that that is, it removed the element of the criminal activity from the instructions. I understand theoretically the argument, but then I'm trying to put it into the jury instructions. So he has to do something else. He has to do something that's illegal, an illegal sexual act under California law, and say, oh, now I'm going to tell you about California law. If you put something harmful, which in effect is, you know, child pornography or pornography, put it on there, over the Internet, and you send it to somebody who is a minor, you think is a minor, and you have to do all those things, because you could do all that and not try to seduce somebody. But you also have to try to do it in a way that's not a violation of the California law. You have to try to seduce this person into having physical sexual contact with you. That's kind of the last link in the chain. That is illegal. If it said physical sexual contact, I think that maybe... Well, a sexual act involving physical contact. I do not... California law... So a sexual act involving physical contact with the minor, that would be a permissible such act. Okay. Under these, I guess if I e-mailed my son, and I said, don't do this with that person... I need the sexual act, in other words. Well, that's what I need also. That's what the jury needed. I'm asking you to name any conduct that you would say is a sexual act involving physical contact with the minor, that you think somehow isn't, you know, falls outside of this and would be non-criminal activity, such that this might be misleading for the jury, and they might get him for something he really shouldn't have done. I don't know. Kissing a child on the playground. Would that be a sexual act involving physical contact with a minor? Of course, the overlay is with the intention to seduce that minor. Right. But isn't that the question? If a parent goes and kisses the child or whatever, yeah, you might say, I don't know whether you'd say that's a sexual act, but I see your point. But it would not be an intent to seduce. Right. And that's the question. We also have to have a specific intent to gratify lust, passions, or sexual desire. So it seems to me... And where is that in our instruction? Well, I'm looking at instruction number... Maybe I'm not looking at the right one, but I'm looking at instruction number 19, page 35 of the record. But it gets complicated. So that's the difference between kissing your child and child molestation, where you're arousing the child for sexual reasons. I mean, you can kiss for two different things, but this actually makes you seduce, lust, all the things that we think of as child molestation. So I'm not trying to be difficult. I'm just trying to figure out if there's something outside of what you're saying that would make it so we'd say, you know what? They might have convicted him for something that was innocent conduct. That, I think, could be a fair argument. I'm just trying to figure out what it is. What I'm saying is that the definition of a sexual criminal conduct was not given. By using the same statute. I mean, if... Let me expand on that question. Tell me something you could do with a specific intent to arouse, appeal to, or gratify the lust or passions of the defendant or the minor, where there's a specific intent to seduce the minor, i.e., enticing the minor to engage in a sexual act involving physical contact, that would not be criminal. Well, of all the things I've been thinking about about this case, trying to comprehend sexual acts that are not criminal involving minors is not something I've thought of. But... Well, maybe that suggests the statute is clear. Well, why don't we do this? Why don't we... Let's do it this way, though. Why don't you answer the question, and then you take a moment because we're going to hear from the government. Okay. We'll give you a little time for rebuttal because you've basically used all your time and then some. Okay? So why don't you... If you have an answer to Judge Chiavelli's question now, you can give it, or you can think about it. Okay. All right. Thank you. May it please the Court. Cheryl Carvalho representing the United States. I think it's clear from the record that the Court did properly instruct the jury in this case. The elements of the statute at issue, both federally and the state statute referenced, 288.2, that the criminal activity includes using the Internet to entice or seduce a minor for the purpose of sexual activity. Sexual seduction of a minor is the illegal sexual activity under 288.2, which is the state statute the judge instructed on. And as Judge McEwen has pointed out, the elements included in that that the judge instructed on included the actual contact between, as the object of the intention, if you will, by using the Internet to sexually seduce the minor for the purpose of sexual contact between the perpetrator and the minor. And I think what's being argued is that this is like a Mobius strip, in effect, that keeps sort of folding back on itself. You have to have a sexual act and you have to entice, and then I go to the California law and it says you have to have an act and an intent and a sexual act, and it never gets to the bottom of what a sexual act is. So I think that's the complaint, and that there is, in fact, in California law definition that you would just plug in there and then you'd know what it was. So how do we know, how does the jury know that the conduct he exhibited is actually a sexual act, which is used one, two, three times in the first instruction, and one, two times in the second? Your Honor, the evidence the jury heard in this case was overwhelming of the defendant's intent to have sexual intercourse with a minor. There was evidence throughout the chat logs which were read basically in full to the jury describing his intention to meet with the minor he believed to be 13 for sexual purposes. There was discussion that he would use condoms because he did not want to make her pregnant. He, in fact, at his arrest, and the jury heard this, showed up with condoms, as well as half a Viagra. He had rented a hotel room. So the evidence was overwhelming for the jury that his intention was to have sexual intercourse with a minor. I would submit that having sexual contact with a minor includes sexual intercourse. And I would also like to point out that one of the reasons I cited Shurer is for the proposition that in that case the Nevada law at issue was statutory sexual seduction, as meaning sexual activity. I would submit that the California law, the 288.2, is the closest to the California version of statutory sexual seduction. I would also like to point out something about that statute that's troubling me, and it goes to counsel's point about the other two people with whom the defendant had chats who were adults, one of whom had a name that I think had 14 on the end of it, which might suggest underage, but they weren't. And that is, if you look at 288.2A, it talks, it's funny to hear, about knowing the knowledge that a person is a minor or who fails to exercise reasonable care in ascertaining. In 288.2B, it says with knowledge. You have to have the knowledge that the person is a minor. Now, I realize we're talking here in an attempt, but the cases in California, including Hatch and a couple of other cases, talk about to have the attempt. And I can see a reason for this, because on the Internet it's much more difficult to find out, as opposed to phone conversations, whether the person is a minor. So you might know you're talking to a 13-year-old, and then if you try to seduce that 13-year-old, because you know that on the Internet, boom, you're in violation. But if you don't know, doesn't that language difference suggest that you do have to have knowledge under 288.2B, that it is a minor, and not just a belief? And that the attempt issue would go to, as Hatch points out, you have to harbor the specific intent, and then if you ineffectually try to contact, let's suppose the parents intercept the Internet message, why should we not look at 288.2B as requiring actual knowledge, which kind of makes sense when you look at the two different forms of communication? Well, Your Honor, 288.2B is actually the statute the government used in this case. I know, and what I'm saying is the difference between 288.2A and 288.2B, which includes in 288.2A it says you have to fail to exercise reasonable care and ascertaining. 288.2B does not have that hedge. It doesn't say you have to believe. It says you must know, every person with knowledge that the person is a minor. Then it seems to me that what that suggests is, for example, if he had a neighbor and he knew that the child was a minor and he sent these communications, then he knows it's a minor and we go from there. And this goes kind of to what counsel was talking about with the other two adults. So 288.2B, there's a language change there that's kind of significant. And so when you get to the attempt, Hatch and some of the other cases suggest the attempt goes to whether you make the contact, not whether you have the specific intent to contact or whether you know it's a minor. So how do you reconcile those two? Your Honor, the evidence at trial was that the defendant sought to make contact with the child. The child was a minor. The child was a minor. And certainly in other contexts, under 2422, yeah, he only has to have a reasonable belief. But I'm not sure that this 288 is the same as the Nevada statute or that that distinction in B and A doesn't suggest there's something more required here. I would submit that he couldn't know until he showed up at the meet site, which he did, thinking he would be seeing a 13-year-old and, in fact, it was an undercover detective. However, I don't think that is what's required under that statute. Even if it were, though, I would say that under sure, any error in using that statute in instructing the jury on what criminal sexual activity involved is harmless error. It doesn't go to the heart of the 2422. You have to have done an act that would be punishable. That wouldn't be punishable. He intended to have sexual intercourse. Let's take out the overlay of 2422, the federal statute. Let's say this is authorities in California arrested him, okay? Same scenario. Would he not have an argument that if you're going to prosecute me under 288.2 sub B, I have to have known that this was a minor? It wasn't a minor. They don't use the same language as 288.2 sub A, and there's nothing about belief here. And the cases are kind of unclear, but couldn't he say, and there's a reason for that, because on the Internet, there's no way to be reasonably certain you're talking to a minor or not. Now, if I knew it was a minor, for example, a neighbor child or something, no problem. He can be convicted under 288.2 sub B. But if he doesn't know, and there's no requirement that he take reasonable steps to know, as there is under A, would he not be off the hook under B? I haven't seen any case that automatically says he can be convicted. With all due respect, I don't think that reading of 288.2 B makes sense, because you're right. And that's why, given the Internet and the possibility for deception, wouldn't it make sense for the legislature to make that change in the language? Because it is much more difficult for someone who may be talking to someone who knows 1,000 miles away on the Internet to know whether or not they have any basis to know. If you're on a phone, for example, under 288.2 sub A, you might have a basis, because you're talking to the person and you can hear how they sound. But if you're on the Internet, there's no way to know. And don't we have to make some conclusion about why that language is different in the same statute? Well, Your Honor, I would still say in this case, while it would be impossible to show absolutely that he knew this was a minor and, in fact, it was an undercover detective, there was overwhelming evidence in this case that the defendant certainly believed this to be a minor on rebuttal after the defendant testified. And I understand that's the interpretation of the federal statute, as long as he believed. I'm not so sure that's the interpretation of the state statute. And I could be wrong, but I haven't found a case that says definitively this is the answer as long as he believed. I've seen some cases that go both ways. On the attempt issue, I have seen the Hatch case and a couple of others that suggest that if he had the scienter requirement, i.e., knew it was a minor, and then ineffectually tried to contact, for example, I think of as the parent intercepts the communication, he could still be guilty of the attempt. But I'm not sure whether or not they say he doesn't need that knowledge. Anyway, I would leave that for you to ponder. Even if the court were to view this as a statute that, you know, in the future would be best not to use for this kind of situation, I would still, in all seriousness, say it's harmless error, undersure. It's clear that no prejudice to the defendant, overwhelming evidence that this defendant intended to have sexual intercourse with who he believed to be a minor. Condoms, Viagra, hotel room, all of that, the very highly sexual content of the chat logs. He sent a picture of his own penis or someone's adult male penis over the Internet to her as well. That being said, I would also like to point out that we as prosecutors have to make decisions all the time regarding the best charge to bring. I originally was going to use the state statute, one of the 288 charges. The concern I had was that a lot of the requirements seemed to be that the minor be under 16, excuse me, that the minor could be over 14. I was a little concerned when I saw the... Could you have charged under 288A? Which is the, oh, I don't think I have that in front of me. Any person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes provided for in Part 1, etc., the child under the age of 14 with the intent of arousing, appealing... Okay, that's under 14, and the concern I had, even though we did have very good evidence, certainly in a rebuttal case around the age, I was a bit concerned that while I thought the photo did look like a minor, that it arguably, she arguably looked older than 13. So, you know, that was the thinking there, because originally that's what I was going to use. The point that Judge Schiavone makes, is that actually challenged here? Your Honor, my... I thought the question was whether sexual conduct was, or sexual activity was defined. I thought that was the challenge that was made here. My recollection at the time was that the defense did not... Appeal, what challenge is made here? That, I'm sorry... The question is, the issue that... Let me finish the question, okay? The question I'm asking is whether the argument that, or the discussion you just had with Judge Schiavelli, whether that's even an issue on appeal, whether that actually, this issue of whether or not you have to have actual knowledge of the person's age, as opposed to a belief, is that an issue on appeal? I don't think so, in that the elements, that the government proved all the elements, the district court properly instructed as to all of the elements of the federal crime, and that the issue regarding what the underlying... The answer is you don't know. You know or you don't know. You're just talking now. You're just talking and filling the space. My question is fairly specific. I don't think it is. Is it on appeal or yes or no? Not, they instructed all the elements, because that's back to your original argument. My question is, is that issue on appeal? I don't think it is, because I think that the jury instructions taken as a whole, clearly informed the jury what they were to do, including... Again, you're not answering the question, so why don't you move on? You know, when we're asking you the question is, is this point on appeal? I'm not asking you to re-argue your case, so you kind of have to listen to the question. You're kind of into this mantra of jury instructions give all the elements, and we know that that's the essence of the government's argument, but I think that the defense counsel is trying to unpack some of that to say, well, let's look at the language. So my specific question to you, though, was she argued in her opening argument that sexual activity, you know, that you need some kind of definition. My question to you was, is the question of whether you need actual knowledge or only reasonable belief of knowledge, is that point on appeal? Actual knowledge of? Age. Whether it's a minor. Under the state statute. Under the state statute versus the federal statute, which... Which it is an element. Well, actual knowledge is not an element under the federal statute. Belief, excuse me, belief that it's a minor, right. You understand the difference between the belief and actual knowledge? Yes. Right. Okay. Well, why don't you just move on? I don't think that you're going to help us on this. Why don't you keep moving? Let me ask you one question. Wasn't there evidence that was introduced for the purpose of showing that he understood the recipient to be of age? Yes. That was excluded? It was not allowed in the case in chief in rebuttal. Dr. Trumpeter testified that the defendant told him that he wasn't intending to have sex with a 13-year-old. Right. His belief that it was a 13-year-old. No, what I'm saying is, in the defense case, was there evidence that was being offered to show that the defendant did not believe? I understand that rebuttal. What was the evidence other than the testimony of the defendant? I thought there was some other evidence that went to that that was excluded, and maybe I'm incorrect. Like Fine Wine was a screen name of an adult who came in and testified. I think we impeached, well, the defense claim was that the defendant believed she was role-playing and he believed that Like Fine Wine was also this chastity R-13 because they lived in the same area, and yet on cross-examination of Like Fine Wine, she said no, she would not have told the defendant where she lived, and the defendant had testified that she had said where she lived. So he was not credible in that. The excluded testimony, I believe, had to do with the nature of their chats. I'm still trying to answer your question regarding whether knowledge is required under the or could you rephrase the question? It's not important. I'm going back to the briefs myself. I don't think that you've got the point. So why don't you just continue with any other points you need to respond to. I just think the only issue that's been raised on appeal regarding the state statute that was used has to do with the definition of sexual activity, and I think that has been adequately defined in the jury instructions as sexual seduction, including physical contact between the perpetrator and the minor, and in any event, I would say that if nothing else, there's harmless error and no prejudice to the defendant. Thank you. Thank you. You can have a minute for rebuttal. I can't think of an answer to your question, but I would say, and obviously this Court doesn't have to follow California law, but that California, the reason that it made the comment in CALGIC that requires the definition of physical contact, and I'm referring in my reply brief on page three, is that involving physical contact, at least under the California definition regarding its own law, was vague, and that's why California requires that they use PC311.3 to define sexual activity. And so the reason, and I would concur with the Mobius loop analogy, because what happened here is the federal statute required a definition of sexual activity that is contrary to law. In all the other cases, in DINGRA, MEEK, and CHERA, and Getzky, that's made clear. In this case, instead, it uses the Internet statute, and what I'm saying is that is not enough, particularly given the notice that we were given that the issue was going to be based on the attempt being the travel. And then when the attempt then becomes the sitting at the computer itself, I think it really did change the elements of the statute to our detriment. And I'll submit unless the Court has any other questions. I think not. Thank you. Thank you. Thank both of you this morning for the argument. United States v. Saturday is submitted.
judges: McKeown, Gould, Schiavelli